IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:13cr73-MHT |
| | ) | (WO) |
| NATHANIEL DEMON STOVALL | ) | |

OPINION AND ORDER

Defendant Nathaniel Demon Stovall pleaded guilty to one count of conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846. He was sentenced to 84 months of imprisonment and eight years of supervised release. The question before the court is whether his sentence should be reduced based on Amendments 782 and 788 to the United States Sentencing Guidelines. For the reasons that follow, the answer is yes.

I.

Stovall's original base offense level under United States Sentencing Commission, Guidelines Manual § 2D1.1 (Nov. 2013) (USSG) was 28. After a three-level downward adjustment for his acceptance of

responsibility pursuant to USSG § 3E1.1, his total offense level before departures was 25. *See* Presentence Report (doc. no. 121) at 6; *see also* Statement of Reasons (doc. no. 126) at 1. Stovall's criminal history category was VI. The applicable Guidelines range was 110 to 137 months. *See* Sentencing Tr. (doc. no. 185) at 3. However, because a mandatory minimum of 120 months applied, his Guidelines range was 'adjusted' to 120 to 137 months. *See* USSG § 5G1.1(c)(2).

The court granted the government's motion for a three-level downward departure from the Guidelines range for substantial assistance pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e). This downward departure reduced Stovall's total offense level to 22 and authorized the court to give a sentence below the mandatory minimum. The reduced Guidelines range was 84 to 105 months. This Guidelines range included the entirety of the applicable Guidelines range of 84 to 105 months and the mandatory minimum was not factored in to adjust, and narrow, this range as before; or, to put it another way, the court and the parties did not

in any way tie the three-level reduction to the adjusted Guidelines range of 120 to 137 months. For example, the court did not impose an adjusted Guidelines range of 90 to 105 months to account for the mandatory minimum as it did prior to the three-level downward departure; thus, it did not include the impact of the mandatory minimum in calculating the reduced Guidelines range. *See* Sentencing Tr. (doc. no. 185) at 12. Rather, the reduced Guidelines range was solely the product of a Sentencing Guidelines calculation.

The parties submitted and the court accepted a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement ("Type-C agreement"), which permits the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case," and "binds the court once the court accepts the plea agreement." *See* Plea Agreement (doc. no. 64) at 2; *see also* Court Minutes (doc. no. 119). In the Type-C agreement, the government agreed to recommend to the court that Stovall be sentenced at the bottom of the Guidelines range. *See* Plea Agreement (doc. no. 64)

at 3. After the court granted the government's motion for a three-level downward departure on the basis of substantial assistance, the bottom of the Guidelines range was 84 months. As stated, the downward departure occurred from the Guidelines range and was not tied to the mandatory minimum. Thus, at the sentencing hearing, the government requested and the court imposed an 84-month sentence on the basis of the Guidelines range. *See* Sentencing Tr. (doc. no. 185) at 4. The 84-month sentence was therefore solely the product of a Guidelines-driven range.

II.

With Amendment 782 in 2014, the United States Sentencing Commission revised the Sentencing Guidelines applicable to the drug-trafficking offense for which this court sentenced Stovall. The Commission simultaneously promulgated Amendment 788, making Amendment 782 retroactive. This court established a Retroactivity Screening Panel to determine whether defendants such as Stovall might be eligible for a

sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Stovall's case was submitted for review, but the Panel was unable to reach a unanimous recommendation due to a disagreement over the applicable law.

Stovall is eligible for a sentence reduction now if he was sentenced "*based on* a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). The court finds that Stovall's sentence was "based on" a sentencing range later lowered by the Sentencing Commission."

According to *Hughes v. United States*, "a sentence imposed pursuant to a Type-C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." 138 S. Ct. 1765, 1775 (2018). Under this approach, as a "general rule [], in most cases, a defendant's sentence will be 'based on' his Guidelines," because "in the usual case the court's acceptance of a Type-C agreement and the sentence to be imposed pursuant to

5

that agreement are 'based on' the defendant's Guidelines range." *Id.* at 1776. Indeed, because "the Guidelines are a district court's starting point, [] when the Commission lowers a defendant's Guidelines range the defendant will be eligible for relief under § 3582(c)(2) absent clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines." *Id.*

Stovall has surmounted the *Hughes* hurdle. As explained earlier, the court departed downward from the initial Guidelines range by three offense levels to arrive at a lower Guidelines range of 84 to 105 months. The court sentenced Stovall, as per the plea agreement's recommendation of a bottom-of-the-Guidelines sentence, to 84 months. *See* plea agreement (doc. no. 64) at 3. Stovall's sentence was based on, and, indeed, within, a Guidelines range that was "part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes*, 138 S. Ct. at 1775.

However, the *Hughes* hurdle is not the only hurdle

6

Stovall must surmount.

III.

In 2014, the Commission promulgated Amendment 780, which states that a defendant's Guidelines range should be calculated without regard to the mandatory minimum when the court departed below the minimum based on a substantial-assistance motion.[1] The amendment makes

---

1. This court held that the Commission did not exceed its authority in promulgating Amendment 780. *See United States v. Davenport*, ___ F. Supp. 3d ___, ___, No. 2:11CR191-MHT, 2018 WL 4108002, at *12 (M.D. Ala. Aug. 29, 2018) (Thompson, J.). There the court explained: "Amendment 780 concerns only those defendants who have received downward departures based on a § 3553(e) substantial-assistance motion. The amendment does not 'supplant a statutory mandatory minimum,' [*United States v. Sawyer*, 225 F. Supp. 3d 1314, 1325 (M.D. Ala. 2016) (Watkins, C.J.)], for the simple reason that, due to the government's § 3553(e) motion, the mandatory minimum is no longer in place." *Id.* Furthermore, "Amendment 780 does not contradict statutory mandatory minimums, because § 3582(c)(2) proceedings authorize an adjustment, albeit 'only a limited [one] to an otherwise final sentence and not a plenary resentencing proceeding.'[*Dillon v. United States*, 560 U.S. 817, 826 (2010).] So long as a defendant was sentenced 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' § 3582(c)(2) empowers courts to reduce the sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable

7

defendants in Stovall's position eligible for retroactive sentencing relief, because, in general, it asks courts on resentencing to look solely to the otherwise-applicable Guidelines range, not the mandatory minimum, when determining statutory eligibility for relief.

Courts have previously grappled with whether a defendant who is subject to a mandatory minimum that exceeds their otherwise-applicable Guidelines range is sentenced 'based on' that since-amended range, or whether the mandatory minimum fully replaces or 'trumps' that range such that the sentence is only based on the mandatory minimum. *See United States v. Davenport*, \_\_\_\_ F. Supp. 3d \_\_\_\_, \_\_\_\_, No. 2:11CR191-MHT, 2018 WL 4108002, at *6-*12 (M.D. Ala. Aug. 29, 2018) (Thompson, J.) (discussing cases).

In *Koons v. United States*, the Court held that where five defendants were subject to mandatory-minimum sentences that exceeded their otherwise-applicable

---

policy statements issued by the Sentencing Commission.' 18 U.S.C. § 3582(c)(2)." *Id.*

Guidelines ranges, and where the district court "scrapped the ranges in favor of the mandatory minimums and never considered the ranges again," that the sentences were not "based on" the otherwise-applicable Guidelines ranges. 138 S. Ct. 1783, 1786 (2018). *Koons* specifically declined to reach the issue of whether a defendant subject to a mandatory-minimum sentence "can never be sentenced 'based on a sentencing range' that the Commission has lowered," because, as the opinion repeatedly emphasized, in none of the five consolidated cases before it "did the [district] court consider the original drug Guidelines ranges that it had earlier discarded." *Id.* at 1787, 1788 n.1.

Specifically, the sentencing court in *Koons* stated that the mandatory minimums had "discarded" or "scrapped" the initial Guidelines range; framed the entire sentencing discussion in terms of the appropriate percentage of downward departure from the mandatory minimum (rather than in terms of offense levels, or starting from the otherwise-applicable Guidelines range); and imposed sentences of 25 to 45 %

9

below the mandatory minimums. *Koons*, 138 S. Ct. at 1785-86.

Hence, *Koons* did not decide whether a defendant who was subject to a mandatory minimum, but who was actually sentenced based on the otherwise-applicable Guidelines range, may be eligible for relief under 18 U.S.C. § 3582(c)(2).

This court reached that issue in *Davenport*. \_\_\_\_ F. Supp. 3d at \_\_\_\_, 2018 WL 4108002, at *8. There Davenport's offense level prior to factoring in substantial assistance was 27, and his criminal history category was III, resulting in an initial Guidelines range of 87 to 108 months. However, that range was exceeded by an applicable 120-month mandatory minimum. Nevertheless, rather than fully "discarding" the initial Guidelines range, the court departed downward from that range by three offense levels to arrive at the recommended sentence of 63 months. *Koons*, 138 S. Ct. at 1785. After a lengthy discussion the court concluded that Davenport was eligible for a sentence reduction:

> "Davenport's sentencing therefore stands in stark contrast to *Koons*, which the Court in *Hughes* recognized is a 'narrow exception to the general rule that, in most cases, a defendant's sentence will be "based on" his Guidelines range.' *Hughes*, 138 S. Ct. at 1776. Here, the court departed down three offense levels from Davenport's otherwise-applicable Guidelines range based on his cooperation in order to arrive at a sentencing range that was consistent with the recommended sentence of 63 months. The otherwise-applicable Guidelines range, far from fully 'dropping out' of the picture, was clearly 'part of the framework the district court relied on in imposing the sentence or accepting the agreement.' *Hughes*, 138 S. Ct. at 1775. *See also id*. at 1776. ...
>
> "Moreover, as stated, the record also reflects that the parties considered and applied the Guidelines in fashioning the 63-month recommendation. Government counsel at the sentencing hearing expressly stated that the recommendation was 'tied to the guidelines.' Sentencing Tr. at (pin cite unavailable because transcript in draft form). And again, as stated, looking at the 63-month sentence from different angles, the court concludes that it was a product of the Guidelines. The court would not have imposed the same sentence regardless of the Guidelines. ...

*Davenport*, ____ F. Supp. 3d at ____, 2018 WL 4108002, at *15.

Adopting this court's prior reasoning from *Davenport*, this court concludes that the issue here is

11

whether, as in *Koons*, Stovall's initial Guidelines range wholly "dropped out of the case" and was "never considered ... again," *Koons*, 138 S. Ct. at 1788.

The sentencing transcript here makes clear that Stovall's sentence, as set forth in the plea agreement and as calculated by the judge, was "based on" his otherwise-applicable Guidelines range. The Type-C plea agreement recommended a sentence at the bottom of the Guidelines range, as calculated by the court. Prior to the downward departure for substantial assistance, the court calculated Stovall's offense level as 25 and his criminal history category as VI. This would have resulted in a Guidelines range of 110 to 137 months. After the application of the mandatory minimum, the revised Guidelines range was 120 to 137 months.

Rather than "scrapp[ing]" or "discarding" the initial Guidelines calculations altogether, as the lower court did in *Koons*, 138 S. Ct. at 1785-86, the court here essentially scrapped the mandatory minimum in deciding how far downward it should go to give Stovall credit for his cooperation. As explained

12

earlier, the court considered the appropriate amount of downward departure in terms of offense levels, starting from Stovall's original offense level of 25. Indeed, the parties argued for a departure in similar terms, with defense counsel requesting a five-level departure and the government requesting a three-level departure. The court ultimately granted the government's request, and departed downward three levels to an offense level of 22. Combined with a criminal history category of VI, this resulted in a sentencing range of 84 to 105 months. As stated, this Guidelines range included the entirety of the applicable Guidelines range of 84 to 105 months and the mandatory minimum was not factored in to adjust, and narrow, this range; or, to put it another way, the court and the parties did not any way tie the three-level reduction to the Guidelines range, tied to the mandatory minimum, of 120 to 137 months. The court sentenced Stovall, as per the plea agreement's recommendation of a bottom-of-the-Guidelines sentence, to 84 months.

Accordingly, Stovall's otherwise-applicable

Guidelines range did not "drop out" but remained "part of the framework the district court relied on in imposing the sentence or accepting [a plea] agreement," *Davenport*, ___ F. Supp. 3d at ___, 2018 WL 4108002, at *8 (quoting *Hughes*, 138 S. Ct. at 1775). Indeed, it was more than just a part the framework, if was a direct "product of the Guidelines. *Id.* at *5. The court is convinced, and so finds, that Stovall was sentenced based on that range and is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

While the court has found that Stovall is eligible for a sentence reduction, there is the question as to whether he should receive one.

## IV.

While the court has found that Stovall is *eligible* for a sentence reduction, there is the question whether he should, in fact, receive one, for the court "retains discretion to deny relief." *Hughes*, 138 S. Ct. at 1778. For the reasons given above, the court is convinced, and so finds, the sentence Stovall received

14

was driven by the Sentencing Guidelines and not the mandatory-minimum requirement. The court is further convinced, and so finds, that it would not have imposed the same sentence regardless of the Guidelines. *Id.* ("If the district court concludes that it would have imposed the same sentence even if the defendant had been subject to the lower range, then the court retains discretion to deny relief.").

Stovall's original base offense level under USSG § 2D1.1 was 28. After a three-level downward adjustment for his acceptance of responsibility pursuant to USSG § 3E1.1, his total offense level before departures was 25. *See* Presentence Report (doc. no. 121) at 6; *see also* Statement of Reasons (doc. no. 126) at 1. Stovall's criminal history category was VI. The applicable Guidelines range was 110 to 137 months. However, because a mandatory minimum of 120 months applied, his revised Guidelines range was 120 to 137 months. *See* USSG § 5G1.1(c)(2). The court granted the government's motion for a three-level downward departure for substantial assistance pursuant to USSG

15

§ 5K1.1 and 18 U.S.C. § 3553(e), which both reduced Stovall's total offense level to 22 and authorized the court to give a sentence below the mandatory minimum. The adjusted Guidelines range was 84 to 105 months. Stovall was sentenced to 84 months.

Under Amendment 782, Stovall's amended base offense level is 26. After an adjustment for acceptance of responsibility is applied, his amended total offense level is 23. Because Stovall originally received a three-level downward departure for substantial assistance, USSG § 1B1.10(b)(2)(B) authorizes the court to reduce Stovall's sentence to one "comparably less" than the amended Guidelines range.[2] After this

---

2. Guideline 1B1.10(c) cmt. n. 4(b) suggests that, if a court opts to give a sentence "comparably less" than the amended Guidelines range, then, in order to account for the substantial assistance departure granted in the original sentencing, it should calculate a new sentence that is a similar *percentage* lower than the amended Guidelines range. However, because the original departure was calculated in terms of offense levels, this court will account for the departure by calculating a new sentence that is the same number of *levels* (three) below the amended Guidelines range, in order to ensure that Stovall receives the same sentence that would have been imposed had Amendment 782 been in effect at the time of his initial sentencing. *See United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir.

departure, the resulting offense level is 20. With a criminal history category of VI, the final amended Guidelines range is 70 to 87 months. Originally, Stovall received a sentence at the bottom of the range; hence, his amended sentence on the drug-trafficking charge should be 70 months. Moreover, the parties agree that Stovall is entitled to a reduction to 70 months. *See* Jt. Sentencing Position (doc. no. 180) at 3.

Finally, in considering whether and by how much to reduce an eligible defendant's sentence, the court must consider any concerns regarding public safety or post-sentencing conduct, as well as the factors enumerated in 18 U.S.C. § 3553(a). *See* USSG § 1B1.10 cmt. n.1(B).

The government and the U.S. Probation Office agree with Stovall that no concerns regarding public safety

---

2012) ("The goal is to treat a defendant sentenced before the amendment the same as those sentenced after the amendment.").

In any event, both the percentage-wise and level-wise calculations produce the same result in this

or Stovall's post-sentencing conduct exist in this case, and the court agrees. The court has considered factors enumerated in 18 U.S.C. § 3553(a) and found no reason to award Stovall anything less than the full sentence reduction for which he is eligible.

* * *

For the above reasons, it is ORDERED that:

(1) Defendant Nathaniel Demon Stovall's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (doc. no. 162) is granted.

(2) Pursuant to 18 U.S.C. § 3582(c)(2), and by the agreement of the parties (doc. no. 180), defendant Stovall's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of 84 months is reduced to 70 months.

DONE, this the 14th day of September, 2018.

    /s/ Myron H. Thompson
  UNITED STATES DISTRICT JUDGE

---

case: a sentence approximately 24 % lower than the bottom of the Guidelines range.